# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID OLIVER, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>KEITH BUTTS, Superintendent, )<br>)<br>Respondent. ) | 1:11-CV-988-TWP-DKL |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition for a writ of habeas corpus of David Oliver. Oliver's request to proceed *in forma pauperis* is **granted.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts.* This is an appropriate case for such a disposition.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Oliver is confined at an Indiana prison. He seeks relief from a disciplinary proceeding identified as No. ISR 11-06-0058, wherein he was sanctioned with a period of time in disciplinary segregation. This sanction was non-custodial. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). Because Oliver's habeas petition shows on its face that he is not entitled to the

relief he seeks, the action is **summarily dismissed** pursuant to *Rule 4*.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/05/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

David Oliver
DOC #906826
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064